IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:17-CV-143-DCK

| | |
|---|---|
| BILLY LEWIS CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) ORDER |
| v. | ) |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion for Summary Judgment" (Document No. 11) and Defendant's "Motion for Summary Judgment" (Document No. 13). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will direct that Plaintiff's "Motion for Summary Judgment" be <u>denied</u>; that Defendant's "Motion For Summary Judgment" be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

## I. BACKGROUND

Plaintiff Billy Lewis Clark ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On or about September 5, 2013, Plaintiff filed an application for a period of disability for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning June 12, 2013. (Transcript of the Record of Proceedings ("Tr.") 13, 143). On December 2, 2015, Plaintiff amended his alleged onset date to January 26, 2014. (Tr. 13, 160).

The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on or about December 4, 2013, and again after reconsideration on February 21, 2014. (Tr. 13, 74, 86). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> On your application you stated that you are disabled because of right foot cyst, painful to stand and hands weak. The medical evidence shows that your condition is not severe enough to be considered disabling. We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 86).

Plaintiff filed a timely written request for a hearing on March 10, 2014. (Tr. 13, 96). On January 7, 2016, Plaintiff appeared and testified at a hearing before Administrative Law Judge Theresa R. Jenkins (the "ALJ"). (Tr. 13, 28-41). In addition, Maria Vargas, a vocational expert ("VE"), and Chad F. Brown, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on March 2, 2016, denying Plaintiff's claim. (Tr. 13-21). On March 2, 2016, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on June 8, 2017. (Tr. 1-3, 142). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on August 8, 2017. (Document No. 1). On October 27, 2017, the parties consented to the Magistrate Judge jurisdiction in this matter. (Document No. 10)

Plaintiff's "Motion For Summary Judgment" (Document No. 11) and Plaintiff's "Memorandum In Support of Motion For Summary Judgment" (Document No. 12) were filed

December 12, 2017; and the "Commissioner's Motion For Summary Judgment" (Document No. 13) and "Memorandum Of Law In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 14) were filed February 8, 2018. Plaintiff declined to file a reply brief, and the time to do so has lapsed. See Local Rule 7.2 (e).

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the

3

medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between January 26, 2014, and the date of her decision.[1] (Tr. 21). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

(5)  whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 20-21).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since January 26, 2014, his alleged disability onset date. (Tr. 15). At the second step, the ALJ found that osteoarthritis; carpal tunnel syndrome; and gastrointestinal reflux disease (GERD) were severe impairments.[2] (Tr. 15). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 16).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform medium work activity, with the following limitations:

> he can frequently but not continuously perform all postural activities; he has frequent but not continuous use of the bilateral hands for fine and gross manipulation; he can follow short and simple, but not detailed, instructions; he can perform routine tasks, but no work requiring a production rate or demand pace; he can stay on task, sustaining attention and concentration for two hours at a time, and he should avoid workplace hazards such as ladders, ropes, scaffolds, unprotected heights, and machinery with dangerous parts.

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

(Tr. 16-17). In making her finding, the ALJ stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." (Tr. 17).

At the fourth step, the ALJ held that Plaintiff could not perform his past relevant work as a material handler, kitchen helper, and industrial cleaner. (Tr. 19). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 20). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a store laborer, dining room attendant, and an automobile detailer. (Tr. 20-21). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between January 26, 2014, and the date of her decision, March 2, 2016. (Tr. 21).

Plaintiff on appeal to this Court contends that the ALJ erred in her assessment of the medical opinion of Dr. J. Staneata ("Dr. Staneata"). (Document No.12). The undersigned will discuss this contention below.

**Assessment of Dr. Staneata's Medical Opinion**

In the only assignment of error, Plaintiff argues that the ALJ failed to adequately assess Dr. Staneata's medical opinion. (Document No. 12, p. 2). Plaintiff explains that the ALJ gave "great weight" to Dr. Staneata's opinion but then found that the doctor's restrictions on Plaintiff's ability to stand, climb, or crouch, were "inconsistent with the record." (Document No. 12, p.2, 6-7) (citing Tr. 18-19). Plaintiff asserts that the ALJ did not address and resolve the conflict between her opinion and Dr. Staneata's restrictions. (Document No. 12, p.7) See 20 C.F.R. § 404.1527(b).

Plaintiff cites the Fourth Circuit, supporting the notion that an ALJ cannot 'implicitly' reject portions of a doctor's opinion that are inconsistent with her RFC without a thorough discussion. (Document No. 12, p.7) (citing Ezzell v. Berryhill, 688 F.App'x 199, 201 (4th Cir. 2017)). According to Plaintiff, the ALJ's failure to justify her contrary finding that Plaintiff is capable of standing for more than four hours is significant. (Document No. 12, p. 10). Plaintiff notes that the VE testified that if Plaintiff was limited to standing no more than four hours in an eight hour shift, Plaintiff would be unable to complete work at even the light level, let alone the medium level. (Document No. 12, p. 10-11) (citing Tr. 40).

In response, Defendant contends that an ALJ giving a doctor's opinion "great weight" is not obligated to adopt the opinion in its entirety. (Document No. 14, p. 5) (citing Hughes v. Berryhill, No. 1:16-CV-00253-MOC, 2017 WL 1190922, at *3 (W.D.N.C. Mar. 29, 2017)). Defendant explains that an ALJ need only consult all available evidence and need not obtain an expert medical opinion in determining a Plaintiff's RFC. (Document No. 14, p. 5) (citing Felton-Miller v. Astrue, 459 F.App'x 226, 230-31 (4th Cir. 2011)).

Defendant argues that the ALJ cited objective evidence supporting some exertional, postural, environmental, and mental limitations, but the evidence also supported the conclusion that Plaintiff's symptoms fluctuated in severity and were not as severe as Plaintiff purported them to be. (Document No. 14, p. 6) (citing Tr. 18); see also (Tr. 244, 248, 250, 258, 265, 273, 291). Defendant references the opinion by Dr. Stephen Levin, M.D. ("Dr. Levin") completed in 2014 and cited in the ALJ's decision. (Document No. 14, p.6-7) (citing Tr. 59-69).

Dr. Levin found that Dr. Staneata's findings as to Plaintiff's ability to stand, walk, and sit did not appear to be supported by objective findings. (Document No. 14, p. 7) (citing Tr. 65) ("Objective findings suggest clmt. would be able to stand/walk more than 4 hrs. & postural

7

limitations do not appear to be supported by objective findings."). Further, both physicians opined that Plaintiff was capable of working at the medium exertion level. (Document No. 14, p.6) (citing Tr. 18-19) (citing Tr. 65-67, 251). Defendant concludes that the ALJ properly assessed all of the available evidence, including Dr. Staneata's opinion. (Document No. 14, p.8).

The undersigned finds Defendant's argument persuasive. First, "[t]he court reviews [an] allegation of error not for the ultimate conclusion . . . but instead whether the ALJ had substantial evidence upon which to make this determination." Hughes v. Berryhill, No. 1:16-CV-00253-MOC, 2017 WL 1190922, at *3 (W.D.N.C. Mar. 29, 2017). As Defendant notes, the RFC "is an administrative assessment made by the Commissioner based on all the relevant evidence in the case record." Felton-Miller v. Astrue, 459 F.App'x 226, 230-31 (4th Cir. 2011). Where an ALJ gives a medical opinion "great weight," she is not obliged to adopt the opinion in its entirety or "give [it] controlling weight." Hughes v. Berryhill, No. 1:16-CV-00253-MOC, 2017 WL 1190922, at *3 (W.D.N.C. Mar. 29, 2017).

Plaintiff cites Ezzell, arguing that an ALJ cannot 'implicitly' reject portions of a doctor's opinion that are inconsistent with her RFC without a thorough discussion. Ezzell v. Berryhill, 688 F.App'x 199, 201 (4th Cir. 2017)). However, Plaintiff's case is distinguishable from Ezzell because here, the ALJ adequately discussed the evidence and explained her reasoning. (Tr. 18-19). Specifically, the ALJ notes the inconsistencies in Dr. Staneata's determination with respect to claimant's ability to stand, climb, or crouch, compared to the overall record, as well as Plaintiff's most recent physical assessment conducted by Dr. Levin. See (Tr. 18-19).

## IV. CONCLUSION

Based on the foregoing, the undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence

supports the Commissioner's decision.  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971);  <u>Johnson v. Barnhart</u>, 434 F.3d 650, 653 (4th Cir. 2005).  As such, the undersigned will direct that the Commissioner's decision be affirmed.

**IT IS, THEREFORE, ORDERED** that:  Plaintiff's "Motion For Summary Judgment" (Document No. 11) is **DENIED**;  the Commissioner's "Motion For Summary Judgment" (Document No. 13) is **GRANTED**;  and the Commissioner's determination is **AFFIRMED**.

**SO ORDERED**.

Signed: June 15, 2018

*[signature]*

David C. Keesler
United States Magistrate Judge